D. CHRIS ALBRIGHT, ESQ.
Nevada Bar No. 004904
**ALBRIGHT, STODDARD, WARNICK & ALBRIGHT**
801 South Rancho Drive, Suite D-4
Las Vegas, Nevada  89106
Tel:   (702) 384-7111
Fax:   (702) 384-0605
dca@albrightstoddard.com
*Attorney for Defendants/Crossdefendants Brian Howells and AECOS, Ltd.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DONALD L. BLACKWELDER, individually and derivatively on behalf of THORNTON-TERMOHLEN GROUP CORPORATION, a Nevada corporation, <br><br> Plaintiff, <br><br> vs. <br><br> CHARLES THORNTON, individually; BRIAN HOWELLS, individually; and AECOS, LTD., <br><br> Defendants. | CASE NO.   2:15-cv-02373-JAD-PAL <br><br><br><br> **STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |
| CHARLES H. THORNTON, Ph.D., P.E., an individual, <br><br> Crossclaimant, <br><br> vs. <br><br> BRIAN HOWELLS, individually; AECOS, LTD., DOES 1 through 10, and ROES 1 - 10, inclusive, <br><br> Crossdefendants. | |
| AND RELATED THIRD-PARTY CLAIMS. | |

The parties hereto are required to provide certain initial disclosures of documents within their possession, to one another, pursuant to the Federal Rules of Civil Procedure governing discovery, and will be required to supplement said disclosures and respond to additional requests to produce during discovery herein.  The parties are desirous to respect one another's confidentiality concerns with respect to each other's documents, and to abide by any confidentiality obligations which any party hereto owes to any third-party.  Based thereon, the parties enter into this protective order (hereinafter

A S W A
ALBRIGHT · STODDARD · WARNICK · ALBRIGHT
LAW OFFICES
A PROFESSIONAL CORPORATION

"Stipulated Order") in a form approved by Plaintiff and Defendants.  Accordingly, Plaintiff and Defendants hereby stipulate and agree as follows:

1. <u>Confidential Information</u>.   In providing or revealing documents, information, testimony, digital data and information, or other materials during discovery ("Discovery Materials"), any party to this litigation, or any third-party subpoenaed herein (both hereinafter, a "party"), may designate as "CONFIDENTIAL" the whole or any part of any Discovery Materials which constitute trade secrets, know-how, proprietary data, marketing information, contracts, financial information, personal information (such as personal phone numbers or identification numbers) and/or similar commercially or personally sensitive information or data with respect to which unprotected disclosure might result in economic or competitive or other injury, and which is not publicly known or readily publicly available.

2. <u>Designation of Confidential Information</u>.  If a party ("Producing Party") in this action determines that any of its produced Discovery Materials in this action should be designated confidential, it shall advise any other party ("Receiving Party") who has received or shall receive such Confidential Information of this fact, by providing the serial number of the document to the Receiving Party, and/or by marking the pages of such document or data "CONFIDENTIAL" when it is provided.

3. <u>Use of Confidential Information</u>.  All Confidential Information designated or marked as confidential as aforestated shall be used by the Receiving Party solely for the purposes of this lawsuit, and shall not be disclosed to anyone other than those persons identified in Section 5 hereof. Such Confidential Information shall not be used by any Receiving Party or other person granted access thereto in this litigation for any other purpose, including, but not limited to, a business or competitive purpose.  Nothing stated herein shall preclude the Producing Party from using its own Confidential Information or giving their own Confidential Documents to others for their use.  Discovery Materials, including deposition testimony, or answers to interrogatories deemed or stamped "Confidential," and the information therein, may be given, shown, made available to, or communicated in any way only to those parties to whom it is necessary that the material be shown for purposes of this litigation.  Once this Stipulated Order is entered by the Court, the producing party shall have thirty (30) days to designate as Confidential any documents previously produced, which it can do by informing the other

A S W A

ALBRIGHT · STODDARD · WARNICK · ALBRIGHT
L A W   O F F I C E S
A PROFESSIONAL CORPORATION

parties of the serial number of the documents it designates as confidential. The subject records shall then be designated CONFIDENTIAL pursuant to this Stipulated Order.

4. <u>Use of Confidential Information in Depositions</u>. Any party shall have the right to use Confidential Information during depositions, provided that no third parties, not named in this litigation (other than counsel and the court reporter), are present during such depositions, and provided that those pages of the deposition transcript at which such documentation is discussed may also be designated as Confidential and therefore subject to this Order. Designations of Confidentiality as to deposition transcripts may be made by letter to counsel of record within thirty (30) days of receipt of the transcript, or on the record during the deposition.

5. <u>Disclosure of Confidential Information</u>. Confidential Information produced pursuant to this Stipulated Order may be disclosed or made available only to the Court, including the Magistrate, the Judge, the Court's staff and any jurors, and to the persons designated below:

(a)     Retained counsel and in-house counsel for a party (including attorneys associated with the law firm of record, the paralegal, clerical, and secretarial staff employed by such counsel, and any data processing personnel retained by such counsel to assist in these proceedings);

(b)     A party, or officers, directors, and employees of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

(c)     Outside experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

(d)     Court reporter(s) and videographer(s) employed in this action; and

(e)     Any other person as to whom the parties in writing agree or that the Court in these proceedings designates.

Any person to whom Confidential Information is disclosed pursuant to subparts (a), (b), (c), (d), or (e) of paragraph 5 shall be advised that the Confidential Information is being disclosed pursuant to an Order of the Court, that the information may not be disclosed by such person to any person not permitted to have access to the Confidential Information pursuant to this Stipulated Order, and that any violation of this Stipulated Order may result in the imposition of such sanctions as the Court

Not approved. The parties shall comply with LR IA 10-5.

1 deems proper. Any person to whom Confidential Information is disclosed shall be deemed subject to

2 this Order.

3     6.    Filing of Confidential Information with Court. If any party wishes to use materials

4 designated confidential by another party to the litigation in any filing with the Court, the party offering

5 the Confidential Information will not e-file or otherwise publicly file the same, but will deliver any

6 such Confidential document to the Court's chambers, separately and apart from the filing to which it

7 is an Exhibit, in sealed envelopes bearing the title of the case and the notation:

8     CONFIDENTIAL- SUBJECT TO CONFIDENTIALITY ORDER
      For the Sole Use of the Court and Its Employees

9

10 The contents of such deliveries shall also be served upon counsel for all parties hereto, by the

party submitting the same to the Court.

11     7.    Knowledge of Unauthorized Use or Possession. The Receiving Party shall immediately

12 notify the Producing Party in writing if the Receiving Party learns of any unauthorized possession,

13 knowledge, use or disclosure of any Confidential designated Discovery Materials which have been

14 provided to that Receiving Party, including by providing the full details of such possession,

15 knowledge, use or disclosure. With respect to such unauthorized possession, knowledge, use or

16 disclosure the Receiving Party shall assist the Producing Party in preventing its recurrence.

17     8.    Information Not Confidential. The restrictions set forth in this Stipulated Order shall

18 not be construed:

19     (a)    To apply to any party's use of Confidential Information or Materials produced

20 or created by that party;

21     (b)    To apply to information obtained by a party from any non-party to this litigation

22 having the right to disclose such information subsequent to the production of information by the

23 designating party;

24     (c)    To apply to information or other materials that have been or become part of the

25 public domain by publication or otherwise and not due to any unauthorized act or omission on the part

26 of a Receiving Party;

27     (d)    To apply to information or other materials that, under law, have been declared

28 to be in the public domain; or

(e)     To apply to the disclosure or use of any information or materials prior to the designation of such information or materials as Confidential Information.

9.     <u>Challenges to Designations</u>.  If at any time counsel for any party claims that any other party has unreasonably designated certain information as Confidential, or believes that it is necessary to disclose designated information to persons other than those permitted by this Stipulated Order, the objecting party may make an appropriate application to this Court requesting that the specific materials be excluded from the provisions of this Order or be available to specified other persons. Each party shall be given notice and reasonable time to object to the disclosure. The party claiming confidentiality shall have the initial burden of establishing confidentiality.

10.     <u>Use in Court</u>.  In the event that any Confidential Material is used in any Court proceeding in this action, it shall not lose its confidential status through such use.  Nothing in this Stipulated Order shall in any way affect the admissibility or other treatment of Confidential Material at the trial of this action.

11.     <u>No Waivers</u>.  This Stipulated Order is entered solely for the purpose of facilitating the exchange of documents and information among the parties to this action without involving the Court unnecessarily in the process.  Nothing in this Stipulated Order nor the production of any information or document under the terms of this Stipulated Order, shall be deemed to affect in any way the authenticity or admissibility of any document, testimony or other evidence at trial.  This Stipulated Order will not prejudice the right of any party or nonparty to oppose production or use of any information on the ground of attorney-client privilege, work product privilege or any other privilege or protection provided under the law.

12.     <u>Inadvertent Failure to Designate</u>.  The inadvertent failure of a Producing Party to designate Discovery Materials as Confidential Information shall not be deemed, by itself, to be a waiver of the party's or non-party's right to so designate such discovery material. Immediately upon learning of any such inadvertent failure, the Producing Party shall notify all receiving parties of such inadvertent failure and take such other steps as necessary to correct such failure after becoming aware of it, and the Material in question shall then be so treated.

13.    <u>Other Actions and Proceedings</u>.  If a Receiving Party (a) is subpoenaed in another action or proceeding, (b) is served with a demand in another action or proceeding in which it is a party, or (c) is served with any legal process by one not a party to this Stipulated Order, seeking discovery materials which were produced or designated as Confidential pursuant to this Stipulated Order, the Receiving Party shall give prompt actual written notice to counsel of record for such Producing Party within three (3) business days of receipt of such subpoena, demand or legal process or such shorter notice as may be required to provide the Producing Party with the opportunity to object to the production of the requested discovery materials to the extent permitted by law.

14.    <u>Order Survives Termination</u>.  This Stipulated Order shall survive the termination of this action, and the Court shall retain jurisdiction to resolve any dispute concerning the same.

DATED this 12th day of October, 2016.

**ALBRIGHT, STODDARD, WARNICK & ALBRIGHT**


   /s/  D. Chris Albright, Esq.
D. CHRIS ALBRIGHT, ESQ., #004904
801 South Rancho Drive, Suite D-4
Las Vegas, Nevada 89106
Tel:  (702) 384-7111
Fax: (702) 384-0605
dca@albrightstoddard.com
*Attorney for Defendants/Crossdefendants
   Brian Howells and AECOS, Ltd.*


DATED this 12th day of October, 2016.

**MORRIS POLICH & PURDY LLP**


   /s/  Nicholas M. Wieczorek, Esq.
NICHOLAS M. WIECZOREK, ESQ., #6170
JEREMY J. THOMPSON, ESQ., #12305
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
Tel:  (801) 862-8300
nwieczorek@mpplaw.com
jthompson@mpplaw.com
*Attorneys for Charles H. Thornton, PhD, P.E.*

/ / /

DATED this 12th day of October, 2016.

**LAW OFFICES OF STEVEN J. PARSONS**


   /s/  Steven J. Parsons, Esq.
STEVEN J. PARSONS, ESQ., #363
JOSEPH N. MOTT, ESQ., #12455
7201 W. Lake Mead Blvd., Suite 108
Las Vegas, Nevada 89128-8354
Tel:  (702) 384-9900
steve@sjplawyer.com
jmott@sjplawyer.com


**KIRTON | McCONKIE**
DAVID M. WAHLQUIST, ESQ., #3349
ADAM D. WAHLQUIST, ESQ., #12269
2600 W. Execute Pkwy., Suite 400
Lehi, Utah 84043-3987
Tel:  (801) 426-2100
dwahlqui@kmclaw.com
awahlquist@kmclaw.com
*Attorneys for Plaintiffs*

DONALD L. BLACKWELDER vs. CHARLES THORNTON
CASE NO.2:15-cv-02373-JAD-PAL

**<u>ORDER</u>**

**IT IS ORDERED.**

DATED this 20th day of October, 2016.

_____
UNITED STATES MAGISTRATE JUDGE

Submitted by:
**ALBRIGHT, STODDARD, WARNICK**
  **& ALBRIGHT**

_____
D. CHRIS ALBRIGHT, ESQ.
Nevada Bar No. 004904
801 South Rancho Drive, Suite D-4
Las Vegas, Nevada  89106
Tel: 702.384.7111
*Attorney for Defendants/Crossdefendants*
  *Brian Howells and AECOS, Ltd.*