D. CHRIS ALBRIGHT, ESQ., #004904
**ALBRIGHT, STODDARD, WARNICK & ALBRIGHT**
801 South Rancho Drive, Suite D-4
Las Vegas, Nevada 89106
Tel:  (702) 384-7111 / Fax:  (702) 384-0605
dca@albrightstoddard.com
*Attorney for Defendants/Crossdefendants Brian Howells and AECOS, Ltd.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| DONALD L. BLACKWELDER, individually and derivatively on behalf of THORNTON-TERMOHLEN GROUP CORPORATION, a Nevada corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CHARLES THORNTON, individually; BRIAN HOWELLS, individually; and AECOS, LTD.,<br><br>Defendants.<br><br>CHARLES H. THORNTON, Ph.D., P.E., an individual,<br><br>Crossclaimant,<br><br>vs.<br><br>BRIAN HOWELLS, individually; AECOS, LTD., DOES 1 through 10, and ROES 1 - 10, inclusive,<br><br>Crossdefendants.<br><br>AND RELATED THIRD-PARTY CLAIMS. | CASE NO.  2:15-cv-02373-JAD-PAL<br><br>**AECOS, LTD.'S REQUEST, BY AND THROUGH ITS RECEIVER, FOR A STAY OF PROCEEDINGS** |

**COMES NOW**, D. CHRIS ALBRIGHT, ESQ., current counsel of record for AECOS, LTD., and hereby notifies the Court that the recently appointed Receiver for AECOS wishes to request certain relief from this Court, in the form of a stay of these proceedings. The Receiver's request is attached hereto and filed herewith.

DATED this 28th day of November, 2017.

ALBRIGHT, STODDARD, WARNICK & ALBRIGHT

D. CHRIS ALBRIGHT, ESQ. #004904
801 South Rancho Drive, Suite D-4
Las Vegas, Nevada 89106
(702) 384-7111
*Attorney for Defendants/Crossdefendants Brian Howells and AECOS, Ltd.*

# CERTIFICATE OF SERVICE

Pursuant to NRCP 5(b), I hereby certify that I am an employee of ALBRIGHT, STODDARD, WARNICK & ALBRIGHT and that on this 28th day of November, 2017, service was made by the following mode/method a true and correct copy of the foregoing **AECOS, LTD.'S REQUEST, BY AND THROUGH ITS RECEIVER, FOR A STAY OF PROCEEDINGS** to the following person(s):

| | |
|---|---|
| Steven J. Parsons, Esq.<br>Joseph N. Mott, Esq.<br>LAW OFFICES OF STEVEN J. PARSONS<br>10091 Park Run Drive, Suite 200<br>Las Vegas, Nevada  89145-8868<br>steve@sjplawyer.com<br>jmott@sjplawyer.com<br>*Attorneys for Plaintiffs* | ____ Certified Mail<br>_X_ Electronic Filing/Service<br>____ Email<br>____ Facsimile<br>____ Hand Delivery<br>____ Regular Mail |
| David M. Wahlquist, Esq.<br>Adam D. Wahlquist, Esq.<br>KIRTON \| McCONKIE<br>2600 W. Execute Pkwy., Suite 400<br>Lehi, Utah  84043-3987<br>dwahlquist@kmclaw.com<br>awahlquist@kmclaw.com<br>*Attorneys for Plaintiffs* | ____ Certified Mail<br>_X_ Electronic Filing/Service<br>____ Email<br>____ Facsimile<br>____ Hand Delivery<br>____ Regular Mail |
| Nicholas M. Wieczorek, Esq.<br>Jeremy J. Thompson, Esq.<br>Collen E. McCarty, Esq.<br>CLARK HILL PLLC<br>3800 Howard Hughes Parkway, Suite 500<br>Las Vegas, Nevada  89169<br>nwieczorek@clarkhill.com<br>jthompson@clarkhill.com<br>cmccarty@clarkhill.com<br>*Attorneys for Charles H. Thornton, Ph.D., P.E.* | ____ Certified Mail<br>_X_ Electronic Filing/Service<br>____ Email<br>____ Facsimile<br>____ Hand Delivery<br>____ Regular Mail |

/s/ _____
An Employee of Albright, Stoddard, Warnick & Albright

Adam K. Derman, Esq. (admitted in New Jersey)
CHIESA SHAHINIAN & GIANTOMASI PC
One Boland Drive
West Orange, NJ 07052
Tel: (973) 325-1500
Fax: (973) 325-1501
Email: aderman@csglaw.com
*Custodial Receiver for Aecos, Ltd. as*
*appointed by the Superior Court of New Jersey*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| DONALD L. BLACKWELDER, individually and derivatively on behalf of THORNTON-TERMOHLEN GROUP CORPORATION, a Nevada Corporation, <br><br> Plaintiffs, <br><br> vs. <br><br> CHARLES THORNTON, individually; BRIAN HOWELLS, individually; and AECOS, LTD., <br><br> Defendants. <br><br><br> CHARLES H. THORNTON, Ph.D., P.E., an individual, <br><br> Cross-Claimant, <br><br> vs. <br><br> BRIAN HOWELLS, individually; AECOS, LTD., DOES 1 through 10, and ROES 1-10, inclusive, <br><br> Cross-Defendants <br><br><br> AND ALL RELATED CROSS-CLAIMS/THIRD-PARTY CLAIMS | CASE NO. 2:15-cv-02373-JAD-PAL <br><br> **SUBMISSION OF ADAM K. DERMAN, ESQ., COURT APPOINTED CUSTODIAL RECEIVER FOR DEFENDANT AECOS, LTD IN RESPONSE TO ALBRIGHT, STODDARD, WARNICK & ALBRIGHT'S MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANTS/CROSSDEFENDANTS BRIAN HOWELLS AND AECOS, LTD.** |

7144548.2

I am an attorney at law in the State of New Jersey and a member of the firm of Chiesa Shahinian & Giantomasi PC. I was appointed Custodial Receiver (the "**Receiver**") for Aecos by Order of the Superior Court of New Jersey (Hon. Stuart A. Minkowitz, A.J.S.C.) dated October 17, 2017 (the "**Receiver Order**") in the matter titled <u>Charles H. Thornton et al. v. Aecos, Ltd., Brian Howells, et al. v. Anthony Kelly, et al.</u>, Superior Court of New Jersey, Chancery Division, Morris County, Docket No.: MRS-C-38-15 (the "**New Jersey Action**"). A copy of the Receiver Order is attached hereto as <u>Exhibit A</u>. I am not admitted to practice in state or federal courts of Nevada, and I have not sought admission *pro hac vice* in the above-captioned matter (the "**Nevada Action**"). Thus, I do not purport to represent defendant Aecos, Ltd. ("**Aecos**") in the Nevada Action. Rather, I make this submission solely in my capacity as Receiver.

As Receiver for Aecos, I am making this submission in response to Albright, Stoddard, Warnick & Albright's ("**ASWA's**") *Motion to Withdraw as Counsel for Defendants/Crossdefendants Brian Howells and Aecos, Ltd.* (ECF Doc. No. 62) (the "**Motion**") and the *Parties' Stipulation And Joint Motion to, inter alia, Modify the Discovery Plan (ECF Do. No. 59)*. I respectfully request that the United States District Court for the District of Nevada enter an Order staying or otherwise holding in abeyance the Nevada Action -- including the Motion, all discovery, and other any other proceedings – for sixty to ninety days.

By way of brief background, since my appointment as Receiver just over a month ago, I have been attempting to understand the nature of Aecos's business, the extent of its assets and liabilities and its prospects for future business and revenues. During that process, I learned of this Nevada Litigation. In this regard, I was contacted by Mr. Albright of ASWA, who represents Aecos and defendant Brian Howells ("**Howells**") (the majority shareholder of

Aecos). He advised me that he believed a conflict might exist which would prevent him from continuing to represent both Howells and Aecos given my appointment as Receiver for Aecos in the New Jersey Action. Initially, I did not believe that my appointment represented a conflict inasmuch as the interests of Aecos and Howells appeared to be aligned with respect to the claims asserted in the Nevada Action. However, on November 13, 2017, Mr. Howells abruptly resigned from his position as chief executive officer of Aecos. A copy of Howells' resignation letter is attached hereto as <u>Exhibit B</u>. After further consideration, I believe that ASWA may be in a difficult if not conflicting position representing both Aecos and Howells.

Additionally, I understand that ASWA is also seeking to withdraw because they are have unpaid invoices in connection with their representation of Aecos and Howells in the Nevada Action  At this point, Aecos's cash is extremely limited and given Mr. Howells's resignation, the potential for future business and revenue of Aecos appears to be limited if not non-existent. Thus, I do not yet know if I will be in a position to retain new counsel for Aecos.

Accordingly, I need more time to determine how best to preserve and protect the interests of Aecos in the Nevada Action, including whether it will be feasible to retain new counsel for Aecos in place of ASWA or whether another resolution may be reached. Thus, at this time, I believe the Court's entry of an Order granting the Motion will be prejudicial to the interests of Aecos.

Therefore, I respectfully request that the United States District Court for the District of Nevada enter an Order staying or otherwise holding in abeyance the Nevada Action for sixty to ninety days, including the Motion, all discovery, and other any other proceedings. This stayed period will allow me the breathing room necessary to determine a course of action that is in the best interests of Aecos, its creditors, and its other stakeholders, in the Nevada Action, the New

3

7144548.2

Jersey Action, and in numerous other matters affecting the company. In the alternative, if the Court is inclined to grant ASWA's Motion, I would request that the matter be stayed for sixty to ninety days so that I can determine whether it is feasible to retain counsel for Aecos and defend the action.

Dated: November 27, 2017

By: _____
Adam K. Derman

PREPARED BY THE COURT:

| | |
|---|---|
| CHARLES H. THORNTON, CHARLES H. THORNTON, DERIVATIVELY ON BEHALF OF AECOS LTD., AND THORNTON-TERMOHLEN GROUP,<br><br>    *Plaintiffs*,<br><br>v.<br><br>AECOS, LTD., BRIAN HOWELLS, LEONARD NEUHAUS, JOHN DOES 1-100, JANE DOES 1-100, AND XYZ CORPORATIONS 1-100,<br><br>    *Defendants/ Third-Party Plaintiffs*,<br><br>v.<br><br>ANTHONY KELLY, STEPHEN HOUSTON, JOHN ELLIS, AND ELLIS CONSULTING, INC.,<br><br>    *Third-Party Defendants* | SUPERIOR COURT OF NEW JERSEY<br>CHANCERY DIVISION<br>MORRIS COUNTY<br><br>Docket No. MRS-C-38-15<br><br>Civil Action<br><br>ORDER<br><br>FILED<br>OCT 17 2017<br>HON. STUART A. MINKOWITZ, A.J.S.C.<br>SUPERIOR COURT OF NEW JERSEY<br>JUDGE'S CHAMBERS |

THIS MATTER, Plaintiffs and Third-Party defendant Stephen T Houston, Ph.D., P.E., by and through their counsel Zetlin & De Chiara LLP having moved on notice to and in the presence of Biebelberg & Martin, as attorneys for Defendants/Counterclaimants/Third-Party Plaintiffs AECOS Ltd., and Brian Howells and Leonard Neuhaus (collectively, "Defendants"), and on notice and in the presence of Anthony Kelley, *pro se third-party defendant*, and by way of cross-motion

1

EXHIBIT A

filed by Biebelberg & Martin, counsel for Defendants, AECOS Ltd., Brian Howells, and Leonard Neuhaus, and with opposition filed by Zetlin & De Chiara LLP, counsel for Plaintiffs, Charles H. Thornton, Charles H. Thornton, derivatively and on behalf of AECOS Ltd., and Thornton-Termohlen Group, and Third-Party Defendant, Stephen Houston, upon the submissions, and argument and the Court having reviewed the papers filed, and the Court having heard oral argument on July 7, 2017, and for the reasons stated in the accompanying Statement of Reasons, and for good cause having been shown; therefore,

IT IS, on this 17th day of October 2017:

1. **ORDERED** that Plaintiffs' motion, pursuant to R. 4:53-1, to vest all financial and corporate control of AECOS Ltd. with a custodial receiver and to remove the financial, operational and corporate control of AECOS Ltd. from Brian Howells and Leonard Neuhaus until further order of the Court, is hereby **granted**; and it is further

2. **ORDERED** that as of the date of this Order, Adam Derman Esq. is appointed as custodial receiver of AECOS, Ltd., to operate and manage AECOS Ltd. and to facilitate compliance with this Order until such time as the final adjudication of the underlying civil matter is resolved or upon further order of the Court; and it is further

3. **ORDERED** that Adam Derman Esq., as custodial receiver, shall fully cooperate with the fiscal agent, and may employ experts, as necessary, to operate AECOS Ltd.; and it is further

4. **ORDERED** that the Parties shall equally compensate Adam Derman Esq. for his services as custodial receiver, without prejudice, and subject to final allocation at the time of final judgment; and it is further

5. **ORDERED** that any AECOS Ltd. profits or proceeds, after the payment of operational and business expenses, that are generated in the operation of AECOS Ltd., be held in escrow pending final resolution of the underlying civil matter, and not be released to any owners, members

2

or shareholder of the Defendant entity or related entities without the receiver's approval; and it is further

6. **ORDERED** that AECOS Ltd. at all times be operated in conformance with applicable laws and regulations including any notification provisions required by relevant State and Federal agencies; and it is further

7. **ORDERED** that Plaintiffs' motion to extend discovery be, and the same is hereby **granted**. The discovery end date is extended to November 30, 2017; and it is further

8. **ORDERED** that Plaintiffs' motion to compel discovery and in aid of litigants rights is hereby **granted** as follows:

   i. Defendants shall cooperate with the custodial receiver and the fiscal agent in producing all electronic and paper records, information, and materials as set forth in the June 3, 2016 and July 28, 2016 Orders;

   ii. As set forth in the April 10, 2017 Order, AECOS, Ltd. shall remit all sums presently owed to the fiscal agent;

   iii. As set forth in the June 3, 2016 Order, the Defendants Brian Howells, Leonard Neuhaus, and AECOS, Ltd., shall cease advancing the costs of litigation from AECOS, Ltd., and to reimburse AECOS, Ltd., for all litigation fees advanced since the issuance of the June 3, 2016 Order. Each Defendant shall file with the Court, with copies to all parties, a certification affirming compliance with the June 3, 2016 Order and shall separately identify any and all legal fees, costs, and disbursements paid to any law firm by any Defendant since June 3, 2016 to the present, including without limitation, (i) Biebelberg & Martin, (ii) Rosenberg Feldman & Smith LLP, (iii) Albright Stoddard, (iv) Hoagland Longo Moran Dunst, and (v) any

3

        other law firm, together with a copy of the proof of full reimbursement to AECOS, Ltd. by each Defendant personally and separately;

    iv. Defendants shall produce any and all responsive materials with consecutively bates-stamped designations on each page;

    v. Defendants Brian Howells, Leonard Neuhaus, and AECOS, Ltd., shall appear for continued depositions following the production of all outstanding records and information; and it is further

9.    **ORDERED** that Defendants'/Counterclaimants'/Third-Party Plaintiffs' cross-motion for a protective order is **denied, without prejudice,** subject to in camera review by the Court to determine the nature of the law firm invoices to be withheld from production with a privilege log to be provided by Defendant to the Court and Plaintiffs. The invoices and privilege log are to be submitted to the Court no later than thirty (30) days from the date of the within Order, and the privilege log served on Plaintiff on that same date. The Court will determine, in camera, which documents, if any, will be withheld, redacted, or subject to a protective order; and it is further

10.   **ORDERED** that Defendants'/Counterclaimants'/Third-Party Plaintiffs' cross-motion to restore their complaint is **denied, with prejudice;** and it is further

11.   **ORDERED** that since the Third-Party Complaint is dismissed, the Third-Party Defendants' motion to extend and compel discovery is **denied** as moot.

12.   **ORDERED** that the Court retain jurisdiction of this matter for the purpose of entering any further Orders as such become necessary.

                                         HON. STUART A. MINKOWITZ, A.J.S.C.

A copy of this Order and accompanying Statement of Reasons has been served on the parties by the Court.

4

Brian Howells
376 Maple Street
Murray Hill  NJ  07974

Monday Nov. 13th. 2017

Dear Mr. Derman,

As AECOS is no longer paying me, either a salary or a draw, I have been left with no option but to seek employment elsewhere, effective immediately.

Should you wish to contact me please call me on 917 885 1500.

Sincerely

Brian Howells

EXHIBIT B