UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DONALD BLACKWELDER,<br><br>  Plaintiff,<br>v.<br>CHARLES THORNTON, et al.,<br><br>  Defendant. | Case No. 2:15-cv-02373-JAD-PAL<br><br>ORDER<br><br>(Mot WD Atty – ECF No. 62) |

The court conducted a hearing on December 21, 2018, on Albright, Stoddard, Warnick & Albright's ("ASWA") Motion for D. Chris Albright to Withdraw as Counsel for Defendants/Crossdefendants/Crossclaimants Brian Howells and Aecos, Ltd. (ECF No. 62). The motion represents that Aecos and Howells have failed to meet the agreed upon fees arrangement for many months. Additionally, now that Aecos has gone into receivership and Mr. Howells has resigned, a potential if not actual conflict of interest exists between the two clients. Therefore, Mr. Albright and ASWA seek leave to withdraw as counsel of record. The receiver for Aecos appeared at the hearing telephonically and requested 60 days to evaluate whether to retain substitute counsel to defend the case, informing the court that he believed the only assert of the company may be the intellectual property in dispute in this case, and that as Mr. Howell, the company's only employee, has resigned, the company is no longer a going concern.

A corporation cannot appear except through counsel. *See Rowland v. California Men's Colony*, 506 U.S. 194, 201–02 (1993); *Reading Int'l, Inc. v. Malulani Grp., Ltd.*, 814 F.3d 1046, 1053 (9th Cir. 2016). Dismissal of all claims with prejudice is appropriate sanction for a plaintiff entity that fails to retain counsel. *Multi Denominational Ministry of Cannabis & Rastafari, Inc. v. Gonzales*, 474 F. Supp. 2d 1133, 1141 (N.D. Cal. 2007), *aff'd sub nom. Multi-Denominational Ministry of Cannabis & Rastafari, Inc. v. Holder*, 365 F. App'x 817 (9th Cir. 2010).

1

Having reviewed and considered the matter, and for good cause shown,

**IT IS ORDERED:**

1. D. Chris Albright and ASWA's Motion to Withdraw (ECF No. 62) is **GRANTED**.
2. Defendant/Crossdefendant/Crossclaimant Brian Howells shall have until **February 12, 2018**, in which to retain substitute counsel who shall make an appearance in accordance with the requirements of the Local Rules of Practice, or shall file a notice with the court that he will be appearing in this matter *pro se,* that is representing himself.
3. Howells' failure to timely comply with this order by either obtaining substitute counsel, or filing a notice that he will be appearing in this matter *pro se* may result in the imposition of sanctions, which may include a recommendation to the District Judge that his answer be stricken and/or a default judgment be entered against him.
4. As a corporation cannot appear except through counsel, Defendant/Crossdefendant/Crossclaimant Aecos, Ltd. shall have until **February 12, 2018**, in which to retain substitute counsel who shall make an appearance in accordance with the requirements of the Local Rules of Practice.
5. Aecos, Ltd's failure to timely comply with this order by obtaining substitute counsel may result in the imposition of sanctions, which may include a recommendation to the District Judge that a judgment be entered against it for failure to prosecute.
6. The Clerk of the Court shall serve the Defendants/Crossdefendants/Crossclaimants with a copy of this order at their last known addresses:

Brian S. Howells
c/o Keith N. Biebelbert
374 Millburn Ave.
Millburn, New Jersey 07041
Fax: (973) 376-6142
Cell: (917) 885-1500
bhowells@aecosltd.com

Aecos, Ltd.
325 Columbia Turnpike, Suite 111
Florham Park, NJ 07932
Office: (862) 701-3161

Aecos, Ltd.
c/o Adam K. Derman, Receiver
One Boland Dr.
West Orange, NJ 07052
Fax: (973) 325-1501

7. A status conference is scheduled for **10:00 a.m., February 20, 2018** in Courtroom 3B.

DATED this 21st day of December, 2017.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE